HUBBARD ET AL. *vs.* HOBSON ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

In an action to annul a transfer of certain notes alleged to be made on the eve of insolvency, and in fraud of the seizing creditors, it must be shown to the satisfaction of the court, that the debtor was insolvent at the time of the transfer, or that the defendants knew of his insolvency.

The plaintiffs had judgment against one Walley, for eight hundred and thirty-one dollars, interest and costs ; levied their execution on some promissory notes on V. Wiltz, which had been transferred by their debtor to the defendants. The latter refused to recognize the plaintiffs' right to any part of the notes thus transferred.

The plaintiffs have instituted this action to recover the amount of their judgment against Walley from the defendants, on the ground that they received said notes from Walley when he was insolvent, with a knowledge of his insolvency, and in fraud of their rights as creditors. They demand a rescission of the contract or transfer, and judgment for the amount of their claim.

The defendants pleaded a general denial.

The case turned entirely on the fact of insolvency, or that the defendants knew of it at the time of the transfer.

The parish judge was of opinion, the plaintiffs failed to show these facts, and gave judgment for the defendants.

The plaintiffs appealed.

*Micou*, for the appellants.

*Benjamin*, contra.

*Bullard, J.*, delivered the opinion of the court.

This is an action to annul the transfer, to the defendants, by Walley, debtor of the plaintiffs, of certain notes, on the ground that the contract was in fraud of the rights of the plaintiffs, as judgment creditors. It was alleged, that Walley was insolvent, at the time of the transaction, to the knowledge of the defendants.

The case turns entirely on questions of fact. The Parish Court was not satisfied by the evidence, that Walley was insolvent at the time of the contract, or that the defendants knew of his insolvency. A careful examination of the record has brought us to the same conclusion.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.